IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOHN S. ANGWIN, | ) | Case No.  09-21182 |
| | ) | Chapter 13 |
| Debtors. | ) | |

FILED
3:58 pm, 6/2/10
Tim J. Ellis
Clerk of Court

**OPINION ON CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN DATED DECEMBER 2, 2009.**

On February 17, 2010, this matter came before the Court for Confirmation of the Debtor's Chapter 13 plan dated December 2, 2009. John Angwin, ("Debtor") was represented by George Arnold. The Standing Chapter 13 Trustee, Mark Stewart ("Trustee") represented himself. After the parties presented evidence and testimony, the Court noted that the Debtor had filed a memorandum of law on the day before the hearing. The Court allowed the Trustee ten days to file a memorandum, and gave the Debtor the opportunity to file a reply brief. Subsequently the Court held a telephonic hearing allowing parties to present closing arguments on April 8, 2010. Upon review of the record, the Court is prepared to rule, and for the reasons stated below, denies confirmation of the Plan.

The Trustee objects to confirmation of the plan, alleging the following: (1) Debtor improperly claims a household size of five people; (2) Debtor improperly proposes to pay his former spouse's claim in the amount of $4,869.00 as a priority claim in the amount of $147.82 a month for Debtor's obligation under the Divorce Decree; (3) Debtor improperly proposes to pay a former spouse's claim in the amount of $20,946.00 as a

secured claim with a monthly payment of $349.00; (4) Debtor claims an expense of $50.00 for court ordered payment when actually the Debtor is to receive $50.00 a month for child support; (5) Debtor claims charitable deductions of $65.00 a month but has not provided supporting documentation; and (6) Debtor does not propose to apply all his disposable income to the plan for the purpose of paying unsecured creditors.

**Discussion**:

A court cannot confirm a Chapter 13 plan, over an objection by the trustee unless the plan proposes to pay the unsecured claims in full or the plan provides that all the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.[1]

(1)    Household size

Debtor claims a household size of five people on Form 22C, consisting of: the Debtor, Debtor's daughter; Debtor's fiancé, Michele Reidesel, ("Reidesel") and Ms. Reidesel's two minor children. The Trustee objects to Debtor including Ms. Reidesel and her two minor children as part of the total household size.[2]

The Court's review of the docket shows that this matter has become moot as Ms. Reidesel and her children no long reside with the Debtor.

---

[1] 11 U.S.C. §1325(b)(1)(B)

[2] Debtor's annualized "current monthly income," is $121,862.64. The amount is greater than the median family income of either two or five person households. Debtor is an above-median income debtor regardless of whether he is entitled to claim his fiancé and her two children in the calculation of household size.

(2) <u>Debtor's priority and secured claims to ex-spouse</u>.

These two claims arise from the Judgment and Divorce Decree from a previous marriage. The Debtor was awarded the marital residence in Evanston, Wyoming upon payment to the ex-spouse of one-half (½) share of the net equity in the sum of Thirty-Two Thousand Five Hundred Dollars ($32,500.00). The Debtor argues that the value of the house allows for $20,946 to be paid as a secured claim. The balance of $8,869.00 is to be paid as a priority claim as the amount is above the value of the secured property. However, the Debtor did not provide evidence that the ex-spouse has a lien on the real property. The Judgment and Decree of Divorce was not filed in the land records, nor was a lien attached. This debt may not be dischargeable under the Bankruptcy Code under §523(a)(15), but does not appear to the Court to be either a priority or secured claim.

(3) <u>Debtor's claim of a $50.00 for court ordered payment expense.</u>

The Debtor claims a court ordered payment of $50.00 as a deduction, but did not provide evidence to support this expense. In fact, it appears that this is a court ordered child support amount that he is suppose to <u>receive</u> each month from his former spouse. Therefore, this deduction is not allowed.

(4) <u>Charitable deductions</u>.

The Trustee reported that he had received the information regarding the charitable deductions from the Debtor and this is no longer an issue.

**Conclusion**

Based upon the above, this Court finds that the Debtor's Plan cannot be

confirmed. This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021. The Debtor will be allowed a short time to file an amended confirmable plan.

DATED this 2 day of June, 2010.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

cc: Arnold
    Stewart